In the Matter of MARIA BELOTTI, Respondent, against JOSEPH D. McGOLDRICK, as State Rent Administrator, Appellant, and JOSE M. VAZQUEZ et al., Interveners, Appellants.

First Department, December 16, 1952.

*Harold Zucker* of counsel (*Robert H. Schaffer*, attorney), for appellant.

*Abraham J. Gellinoff* of counsel (*Gershman & Gellinoff*, attorneys), for interveners, appellants.

*Harry M. Krokow* for respondent.

BREITEL, J. Special Term revoked the certificate of eviction granted landlords by the State Rent Administrator. Landlords and the State Rent Administrator appeal.

Landlords own a five-story structure, consisting of a store, a four and one-half room first-floor apartment, and fifteen rooms above. Tenant occupies the apartment and operates the fifteen rooms as a rooming house. It is the apartment occupied as a residence by the tenant that landlords seek to obtain for their own use, upon a showing of immediate and compelling necessity based upon a recent increase in the family.

Under section 55 of the Rent and Eviction Regulations of the Temporary State Housing Rent Commission, as under the statute (L. 1951, ch. 443, § 5, subd. 2), a landlord is entitled to a certificate of eviction where he seeks possession of premises " because of immediate and compelling necessity for his own personal use and occupancy or for the use and occupancy of his immediate family ". If this were the only provision involved, Special Term would not have disturbed the determination of the State Rent Administrator or revoked the certificate of eviction (see opinion of Special Term).

However, section 56 of the regulations provides that with respect to premises that are sublet the landlord may obtain possession when the agreement for the prime tenancy has expired, but on the proviso that " no part of the accommodations is used by the tenant as his dwelling." The question is whether this section must be imported into section 55 in determining whether landlords are entitled to a certificate of eviction. Special Term read the sections together and held that petitioner could not be evicted because she dwelt in the apartment.

We think that the sections are independent. The subtenancy section was designed to facilitate eviction of tenants who held the premises solely as a rooming business enterprise. The proviso was designed to protect the residence tenancy of one who, in addition, sublet rooms. It would be an odd result that one might remove a dwelling tenant under section 55 who did not sublet rooms but could not evict a dwelling tenant who did sublet rooms as here. In reading these sections it is important to note that under section 56 landlord, to gain possession, need not show immediate and compelling necessity. It is sufficient if he show " good faith ". Hence, as said before, it is a provision designed to give a greater rather than the more restricted right to eviction under section 55. That broader right, however, is withheld if the tenant dwells on the premises. The effect of withholding the benefit of section 56 is to restrict the landlord

to proceeding under section 55, where he must show immediate and compelling necessity. That is what the landlords did here.

*Matter of McCoy* v. *McGoldrick* (303 N. Y. 744) is not applicable. It involved a proceeding under section 56, namely, removal of a prime tenant who occupied a portion of the premises as a dwelling.

While the tenant contradicts landlords' immediate and compelling necessity, there is sufficient to justify the administrator's finding, based as it was on the landlords' two infant children and their residence in a two and one-half room walk-up apartment.

We recognize the danger in removing the tenant from the apartment, because it leaves the " rooming business " without a resident keeper and therefore, for the time being, subject to section 56. But issues of good faith may be raised appropriately by the tenant if she should wish. Insofar as this proceeding is concerned, the command of section 55 and the statute upon which it is based is clear, and there has been a sufficient showing of immediate and compelling necessity. And after all, looked at simply, the landlords own the building, and they have shown their compelling need of the premises in question.

The order of Special Term should be reversed, the determination of the State Rent Administrator reinstated, and the certificate of eviction should reissue with one bill of costs and disbursements to the appellants.

DORE, J. P., COHN, CALLAHAN and VAN VOORHIS, JJ., concur.

Order unanimously reversed, the determination of the State Rent Administrator reinstated and the certificate of eviction to be reissued, with one bill of $20 costs and disbursements to appellants.